**David Lee SIMMONS, Plaintiff–Appellant,**

v.

**Peter DEUEL; Steven Leriche; John R. Kroger; Darin Tweedt; Stephanie Tuttle, Defendants–Appellees.**

**No. 09–35606.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2010.

Filed Nov. 2, 2010.

Steven M. Richkind, Sandy, OR, for Plaintiff–Appellant.

Cecil Reniche–Smith, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Appellant David Lee Simmons challenges the district court's dismissal of his Complaint against Appellees Peter Deuel, Steven Leriche, John Kroger, Darin Tweedt and Stephanie Tuttle.

■ 1. The district court did not err in dismissing Simmons's claims asserted against Leriche for continuing to prosecute him on charges that had not been returned by a grand jury. We have held that "[a] prosecutor is entitled to absolute immunity for quasi-judicial actions taken *within the scope of his authority.*" *McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987), *as amended* (citations omitted) (emphasis added). "Authority does not rest on technicalities of local law; the issue is whether the prosecutor is arguably empowered to perform the act." *Id.* (citation and parentheses omitted). Because Leriche was acting within the scope of his authority, he was entitled to absolute immunity.

■ 2. The district court also properly dismissed Simmons's claims pertaining to the second prosecution. We have previously noted that the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) precludes a plaintiff from obtaining relief "in a [42 U.S.C.] § 1983 suit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Guerrero v. Gates,* 442 F.3d 697, 703 (9th Cir.2006) (footnote reference and alteration omitted). Simmons pled guilty to, and was ultimately convicted of, a misdemeanor as a result of the second prosecution. Because Simmons has failed to demonstrate that his misdemeanor conviction has been invalidated, he is precluded from obtaining relief on his claims. *See id.*

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.